Roscoe V. Elsworth, J.
On October 11, 1954 the Albany County Civil Service Commission adopted a civil service classification plan that applied to the towns situated in Albany County. To meet the problem presented by the many employees whose positions had been allocated to the classified civil service, the commission on February 11, 1955 adopted a resolution providing that the incumbents in positions for a period of not less than one year immediately prior to July 30, 1953, the date upon which the classification plan was agreed upon, are entitled to *758 all the rights and privileges of the jurisdictional classification to which their positions have been allocated.
Petitioners are police officers in the Town of Colonie and they contend for a great variety of reasons that they fully and lawfully occupy their positions and cannot be compelled to now take a civil service examination. All were appointed pursuant to the provisions of the Town Law and the following are the dates of the resolutions of appointments by the Town Board:
Plater August 28, 1952
Cramer December 11, 1952
May December 26, 1952
Uhl August 27, 1953
_ Williams July 22, 1954
Rogers March 7, 1955
Coon August 25, 1955
Marhafer July, 26, 1956
Casey July, 26, 1956
Wilson December 19, 1957
McMorris December 19, 1957
Vasquez December 19, 1957.
Prior to the inclusion of the positions of town policemen in the classified civil service, appointees to such positions in accordance with the provisions of the Town Law secured certain vested rights in their positions. Por example, they could not be removed or dismissed without written charges (Town Law, § 155). Plater, Cramer, May, Uhl and Williams validly occupied their positions at the time the classification plan was adopted on October 11, 1954. Their statutory right to hold office unless written charges are sustained against them cannot be effaced by placing their positions in the classified civil service. They are entitled to all the rights and privileges of the jurisdictional classification to which their positions have been allocated. They cannot now be compelled to take examinations for positions they lawfully occupy.
Rogers, Coon, Marhafer, Casey, Wilson, McMorris and Vasquez are in a different situation. At the time they received appointments the position of policeman was in the classified civil service. The provisions of the Town Law after October 11, 1954 must be collated with the fact that the positions were in competitive service and subject to examination. Merely because said petitioners have occupied the position for varying periods from March 7, 1955 does not establish their rights to permanency. Being in the competitive class, merit and fitness must be established by examination. Civil service would be easily *759 frustrated if an appointment without examination ripened into permanent rights. Consequently, Rogers, Coon, Marhafer, Casey, Wilson, MoMorris and Vasquez are subject to an examination.
The relief sought in the petition is granted to the extent hereinbefore indicated, and otherwise denied.
The stay of examination is vacated. Submit order in accordance herewith.